The Honorable Terry D. Jones Prosecuting Attorney Fourth Judicial District Washington County Courthouse 280 North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Jones:
This is in response to your request for an opinion on whether there is "any prohibition under state law for a government entity to sell excess production (gravel) to the public without going through the bidding process." You ask whether this activity is prohibited.
In my opinion sales of gravel by a county are not prohibited, but must be made in accordance with the procedures outlined in A.C.A. § 14-16-105
(Repl. 1998). This result is made clear from a reading of Dudley v.Little River County, 305 Ark. 102, 805 S.W.2d 645 (1991), which involved the sale of gravel to individuals by the county judge. The Arkansas Supreme Court stated in that case as follows:
 The proper procedure for a county to follow when selling any real estate or personal property is set out in Ark. Code Ann. § 14-16-105
(Supp. 1989). Under this provision, the county judge is required to enter an order in the county court describing the commodity to be sold, giving the reason for sale, and directing the county assessor to have such commodity appraised at its fair market value. The property is not to be sold for less than three-fourths of the appraised value.
305 Ark. at 105.
A similar conclusion was reached in Op. Att'y Gen. 94-138, with regard to the sale of asphalt. After summarizing the provisions of A.C.A. §14-16-105 and relying on Dudley, supra, the Opinion notes that "[s]ection14-16-105 should be reviewed to determine the exact procedures to follow. Certain procedures differ, depending upon whether the appraised value of the property is less than $500.00. If the required procedure is not followed, the sale or conveyance `shall be null and void.' A.C.A. §14-16-105(f)(1)."
Less stringent procedures obtain under A.C.A. § 14-16-105 if the materials are "separated collected, recovered, or created by a recycling program authorized and operated by the county." See A.C.A. §14-16-105(b)(3) and (f)(2)(B).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh